AMERICAN HEALTH & ACCIDENT INSURANCE CO. *v.* COM-
MISSIONER OF INSURANCE.

INSURANCE — COMMISSIONER — LICENSE — REFUSAL — MANDAMUS —
WHEN ISSUED.

Mandamus will not issue to compel the commissioner of insur-
ance to renew the license of an insurance company to do busi-
ness in this State where the relator fails to show specifically
that it has. complied with the law entitling it to a certificate
of authority to do business, and that its business in all mate-
rial respects has been conducted according to the provisions
of the statute under which it is organized.

Mandamus by the American Health & Accident Insur-
ance Company to compel James V. Barry, commissioner
of insurance, to renew relator's license to do business in
this State. Submitted June 27, 1908. (Calendar No.
22,894.) Writ denied September 10, 1908.

*Abbott & Abbott*, for relator.

*John E. Bird*, Attorney General, *Henry E. Chase*,
Deputy Attorney General, and *Arthur P. Hicks*, Assist-
ant Attorney General, for respondent.

McALVAY, J. This is an application for a writ of
mandamus to compel respondent insurance commissioner
to renew the license of relator company to do business in
this State. Relator is a Michigan corporation organized
under the laws of this State on January 25, 1898, under
the corporate name of the American Benefit Association.
By amendment to its articles of association on or about
July 15, 1901, its corporate name was changed to the
American Health & Accident Insurance Company. Re-
lator was organized under the provisions of Act No. 187,
Pub. Acts 1887, and its principal office and place of busi-
ness is located in the city of Detroit, Wayne county,

154 MICH.—13.

Mich. Relator, after its organization, was granted by the insurance commissioner of this State a certificate of authority to do business as provided by law. Such certificate afterwards from year to year was issued annually until the year 1908. By requirement by law, relator's duty was to file its annual report each year with the department of insurance. This requirement was understood and complied with by relator from the year of its organization. The reports must be filed within 60 days after the 31st day of December of the year for which the report is required. Such report was not filed for the year ending December 31, 1907. The foregoing facts appear from relator's petition.

The answer of respondent shows that the attention of relator was called by letter on April 21, 1908, to its neglect to file its annual report; that during said month of April relator's attention was also called to this fact by telephone; that no answer having been made to said letter, or excuse given for the failure to file said annual report, on April 28th the case was reported to the attorney general, and on May 1st proceedings were instituted by him in the Wayne circuit court, in chancery, by information, praying for a receiver to be appointed to wind up the affairs of relator as provided by law. These proceedings are still pending. On May 12th the annual report for 1907 was filed by relator. The delay in filing is excused by the statement that "it was owing to inadvertence." In addition to the matters above stated, respondent's answer shows that he caused an official examination of relator's books and accounts to be made as provided by law, and attaches the report of such examination as an exhibit; that relator failed to make an annual statement of its transactions and financial condition for the year 1906 at the annual meeting of its members, and failed to mail a copy of such annual statement, together with a certificate or policy account, to its members within 30 days after filing its annual statement, as required by law; that it did not keep its books, papers, etc., at its principal office

in Detroit; that it did not after January 1, 1907, carry out its contracts with its members in good faith; that during that period the president and general manager, George F. C. Eyre, without authority, appropriated exorbitant sums of relator's money for salary and services. The case is before us on petition, answer, and replication. The foregoing facts stated are an abstract of the material facts contained in the record.

There is no charge in the petition that respondent has been guilty of any abuse of discretion in withholding the certificate demanded, and we find that no such abuse appears from the record. The burden in this application is upon the relator to show specifically that it has complied with the law entitling it to a certificate of authority to do business, and, further, that its business in all material respects has been conducted according to the provisions of the statute under which it is organized. *Citizens' Life-Ins. Co.* v. *Commissioner of Insurance,* 128 Mich. 85. Relator has admitted in its petition that it has failed in the first requirement, and gives no satisfactory reason for such failure; and in the second the allegations of the answer, which are to be taken as true, show that its business has not been lawfully conducted. It is urged by relator that the Wayne circuit court refused to appoint a receiver. That is but a part statement of the fact. The court, after hearing proofs on the application of the attorney general, withheld an appointment until the respondent had an opportunity to pass upon the matter, and exercise his discretion. Pending this application to this court, the case before the Wayne circuit court is held in abeyance.

The writ of mandamus is denied.

GRANT, C. J., and BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.